IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAUREN E. JOYCE | § | |
|     *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 1:24-cv-00147 |
| | § | |
| BIG SKY SOLUTIONS, LLC, AND | § | |
| ALFREDO M. BORBOA | § | |
|     *Defendants.* | § | JURY REQUESTED |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Lauren Joyce, and files this Original Complaint against Defendants Big Sky Solutions, LLC ("Big Sky") and Alfredo Borboa, and would respectfully show this Court as follows:

**I.**
**PARTIES**

1.1  Plaintiff Lauren Joyce is an individual citizen and resident of Austin, Travis County, Texas and was a citizen and resident of Austin, Travis County, Texas at all times relevant to this suit.

1.2  Defendant Alfredo Borboa (hereinafter "Defendant Borboa") is a natural person, and has been a resident and citizen of the state of Arizona at all times relevant to this action. Although a nonresident of Texas, and although he neither maintains a regular place of business in Texas nor has a registered agent for service of process in Texas, Defendant Borboa was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Defendant Borboa's business in Texas, specifically torts he committed, in whole or in part, in the Western District of Texas. Defendant Borboa may therefore be served with process according to the Texas

Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who in turn, can serve Defendant Borboa at his last known address, **9099 N. Ironwood Bluffs, Tucson, Arizona 85742** or wherever he may be found.

1.3     Defendant Big Sky is a foreign corporation doing business in the State of Texas. Defendant Big Sky has a principal office located in Glendale, Arizona and has designated a specific registered agent with the Secretary of State for Texas. Defendant Big Sky can be served with citation through its registered agent for the state of Texas: **United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX 78717**, or wherever else it may be found.

## II.
### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff who is a citizen of Texas and Defendants are all citizens of, are incorporated in, and/or have their principal places of business in a state other than Texas, and the matter in controversy exceeds $75,000.00, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over each Defendant because each Defendant (1) conducts business in, and engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and specifically within the Western District of Texas; and/or (2) committed torts, in whole or in part, while within Texas, and specifically within the Western District of Texas, and said torts give rise to this action. Thus, there is both general and specific personal jurisdiction, and exercising jurisdiction over defendants does not offend the notions of fair play and substantial justice.

[next page]

## III.
### VENUE

3.1     Venue is proper in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the Western District of Texas.

## IV.
### GENERAL ALLEGATION OF FACTS

4.1     On September 20, 2023, Plaintiff Lauren Joyce was driving her vehicle northbound on Tannehill Lane in Austin, Texas.  At the same time, Defendant Alfredo Borboa was in front of Plaintiff driving an 18-wheeler tractor-trailer ("Subject Tractor-Trailer") northbound on Tannehill Lane in Austin, Texas.  Upon information and belief, Defendant Borboa was in the course and scope of his employment with Defendant Big Sky at all times relevant to this suit. Further, Defendant Big Sky owned the Subject Tractor-Trailer that Defendant Borboa was operating at the time of the collision that forms the basis of this suit.

4.2     As the two vehicles approached the intersection at Tannehill Lane and East MLK Jr. Blvd., Defendant Borboa came to a stop before attempting to make a "jug handle" turn by swinging out wide to the left when making a right turn from the wrong lane.   Defendant's negligence caused Plaintiff to use the right turn lane when attempting to make a right turn on the right side of Subject Tractor-Trailer when suddenly and without warning, Defendant violently collided into Plaintiff.  Defendant Borboa struck the left side of Plaintiff's vehicle—crushing Plaintiff's vehicle against the concrete road curb while continuing to make his illegal right turn ("Subject Collision").  See photo below:


*Illustration No. 1*

4.3     Upon information and belief, Defendant did not use his turn signal to warn Plaintiff and other drivers on the road that he was turning. Plaintiff suffered serious injuries as a result of the Subject Collision.

4.4     The Austin Police Department ("APD") performed an investigation into the Subject Collision, and included the below graphic in its final report:


*Illustration No. 2*

4.5     Upon information and belief, Defendants claim that Plaintiff attempted to make an illegal right turn by using a bicycle lane as a right turn lane. However, scene photos prove that Defendants are *wrong*. Plaintiff was in a designated turn lane, attempting to make a legal right turn, as shown by the signage located at the scene of the Subject Collision:


*Illustration No. 3*

4.6     Plaintiff was severely injured as a result of the Subject Collision, has required extensive medical treatment for her injuries, and sustained both economic and non-economic damages.

## V.
### CAUSES OF ACTION

**A.      <u>Defendant Alfredo Borboa—Negligence</u>**

5.1     At the time of the Subject Incident, Defendant Alfredo Borboa was operating the Subject Tractor-Trailer negligently. Defendant Alfred Borboa had the duty to exercise ordinary care and operate the Subject Tractor-Trailer reasonably and prudently. Defendant Borboa breached that duty in one or more of the following ways:

   a.      Operating an unsafe vehicle on public roadways;

b. Failing to monitor, maintain, inspect, and repair the Subject Tractor-Trailer rig, including its brake and steering systems;

c. Driving the Subject Tractor-Trailer at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances;

d. Failing to keep a proper lookout;

e. Failing to timely apply his brakes;

f. Failing to take the proper evasive action;

g. Failing to properly manage the space around the Subject Tractor-Trailer;

h. Failing to timely and properly adjust the operation of his commercial motor vehicle to prevailing weather and road conditions;

i. Driving a commercial motor vehicle while he was asleep and/or fatigued;

j. Failing to operate the Subject Tractor-Trailer as a reasonable and prudent professional driver would under the same or similar circumstances;

k. Failing to operate the Subject Tractor Trailer in accordance with generally accepted safety principles and practices of the trucking industry;

l. Driver inattention, including but not limited to operating the Subject Tractor-Trailer while being distracted and/or using or attempting to use a mobile device; and

m. Failing to follow and/or adhere to the safety practices as prescribed by the Federal Motor Carrier Safety Administration Regulations and/or the Texas Commercial Motor Vehicle Handbook.

5.2 The foregoing acts and/or omissions constituted negligence and such negligence proximately caused the injuries and damages sustained by Plaintiff.

**B.   Defendant Big Sky—*Respondeat Superior***

5.3 Defendant Big Sky is liable for the conduct of Defendant Borboa under the doctrine of *respondeat superior* because Defendant Borboa at all relevant times acted within the course and scope of his employment for Defendant Big Sky. At the time of the incident, Defendant Borboa was operating the Subject Tractor-Trailer in the course and scope of his employment and/or agency

for Defendant Big Sky. Defendant Big Sky intentionally granted Defendant Borboa the authority to act on behalf of Defendant Big Sky. The relevant acts of Defendant Borboa were performed while in the employment of Big Sky, to further its businesses, to accomplish the objective for which Defendant Borboa was hired, and within the scope of his employment or within the authority delegated to him. Defendant Big Sky, therefore, is vicariously liable for the negligence of Defendant Borboa.

C. **Defendant Big Sky—Negligence, Gross Negligence, Negligent Hiring, Negligent Entrustment, and Negligent Supervision**

5.4 Defendant Big Sky had a duty to exercise ordinary care in its maintenance and operation of the Subject Tractor-Trailer and in its selection, hiring, training, retention, and supervision of its employee, Defendant Borboa. Defendant Big Sky committed acts of omission and commission that constitute negligence. Such negligent acts or omissions include, but are not limited to the following:

    a. Hiring and/or retaining Defendant Borboa whom it knew or should have known was a reckless, unfit, or incompetent driver;

    b. Entrusting the Subject Tractor-Trailer to Defendant Borboa whom it knew or should have known was a reckless, unfit, or incompetent driver;

    c. Failing to properly train Defendant Borboa in the safe motor vehicle operation and maintenance;

    d. Failing to properly supervise Defendant Borboa's driving and maintenance activities;

    e. Failing to properly inspect, maintain, repair, and/or ensure that the tractor-trailer rig was in good working condition;

    f. Failing to adhere and/or follow federal regulations regarding driver qualification records, including the investigation, retention, and/or examination of such records;

g. Failing to implement and/or enforce safety policies and/or procedures relating to the use of mobile communication devices while driving by truck drivers such as Defendant Borboa; and

h. Violating Federal Motor Carrier Safety Administration Regulations.

5.5 The foregoing acts and/or omissions constituted negligence and such negligence proximately caused Plaintiff's injuries and damages.

5.6 The acts or omissions of Defendant Borboa when viewed objectively from its standpoint at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. These acts and omissions were more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, Defendant Borboa had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Such acts and/or omissions of gross negligence as the law defines it were each and all, separately and concurrently, a proximate cause of the incident described above and the resulting injuries and damages sustained by Plaintiff, as set forth herein, and it is on the basis of such gross negligence that Plaintiff hereby seeks an award of exemplary damages.

## VI.
### COMPENSATORY DAMAGES

6.1 As a result of her injuries, Plaintiff seeks monetary damages to compensate her for the following elements of damages:

(a) Reasonable and necessary medical care and expenses in the past;

(b) Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering that will, in reasonable probability, be incurred in the future;

(e) Physical impairment in the past;

(f) Physical impairment that will, in reasonable probability, be suffered in the future;

(g) Mental anguish in the past;

(h) Mental anguish that will, in reasonable probability, be suffered in the future;

(i) Disfigurement in the past;

(j) Disfigurement that will, in reasonable probability, be suffered in the future;

(k) Loss of wages and wage-earning capacity in the past; and

(l) Loss of wages and wage-earning capacity that will, in reasonable probability, be incurred in the future;

## VII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.1 Plaintiff seeks pre-judgment and post-judgment interest at the highest rate provided by law.

## VIII.
### RESERVATION OF RIGHTS

8.1 Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend her Petition and add additional counts and/or parties as discovery continues.

## IX.
### CONDITIONS PRECEDENT

9.1 All conditions precedent to Plaintiff's rights to recover and Defendants' liability have been performed or have occurred.

## X.
### JURY DEMAND

10.1 Plaintiff requests a trial by jury and hereby tenders the applicable fee.

# XI.
# PRAYER

11.1    Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for all her damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show herself to be entitled, whether at law or in equity.

Dated this 12th day of February, 2024.

Respectfully submitted,

**PARDO & HOMAN, P.C.**

/s/ Joel Pardo

Joel B. Pardo
State Bar No. 24083617
Nicholas A. Homan
State Bar No. 24083194
3401 Allen Parkway, Suite 101
Houston, Texas 77019
Tel: (281) 584-6670
Fax: (281) 404-9230
joel@pardohoman.com
nick@pardohoman.com

***ATTORNEYS FOR PLAINTIFF***